IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00991-MSK-MEH

RICHARD ALLEN,

    Plaintiff,

v.

PAUL T. GEFREH #8291,

    Defendant.
___

**ORDER DISMISSING ALL CLAIMS FOR LACK OF PROSECUTION, AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**
___

THIS MATTER comes before the Court *sua sponte*.

On May 13, 2008, the Plaintiff (who appears *pro se*) commenced this action by filing a document **(#1)** captioned "Libel of Review - common law counterclaim in admiralty - notice lis pendens and - verified statement of right - Re: God-given unalienable rights in the original estate- Article III; Constitution." Pursuant to its obligation under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court liberally construed the document in an effort to determine what claims were asserted.

The document was largely unintelligible, did not comply with Fed. R. Civ. P. 8(a)'s requirement that a complaint contain a short and plain statement of the claim, and did not obviously state any cognizable claims for relief. As a consequence, the Court issued an Order to Show Cause **(#5)** which gave the Plaintiff an opportunity to amend his Complaint to set forth his claims more clearly and specifically by May 30, 2008. It further advised him that failure to do

so would result in the dismissal of this action.

The Order to Show Cause was served by mail upon the Plaintiff at his address of record, 4435 Red Forest Road, Monument, CO 80132. Such mailing was returned to the Court with the handwritten notation "Refused Return to Sender" on the envelope. Subsequently, the Defendant filed a motion **(#10)** to strike and dismiss the Plaintiff's claims, and the Plaintiff filed a copy **(#11)** of the Defendant's motion with the Court with the handwritten notation "Refusal for Cause." Such filing by the Plaintiff shows that his address is, indeed, 4435 Red Forest Road, Monument, CO 80132, the same address to which the Court mailed the Order to Show Cause. From this the Court finds that the Plaintiff refused receipt of the Order to Show Cause, and refused to read such Order. As of this date, the Plaintiff has not responded to the Order to Show Cause, nor has he filed a proposed amended complaint.

Rule 41(b), Fed. R. Civ. P., allows the Court to dismiss a plaintiff's claims for failure to prosecute. *See Rogers v. Andrus Transp. Services,* 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by D.C.COLO.LCivR 41.1, which states: "A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." Factors which the Court may consider in deciding whether to dismiss for failure to prosecute are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions.  *Rogers,* 502 F.3d at 1151-52.

All of these factors favor dismissal.  Due to the Plaintiff's failure to file an intelligible complaint, the Defendant is prejudiced because he cannot be expected to formulate a meaningful responsive pleading.  Indeed, the Defendant's motion **(#10)** asking the Court to strike and dismiss the Plaintiff's "Libel of Review" specifically complains about the unintelligible nature of the complaint.  The Plaintiff's failure to file an amended complaint also interferes with the judicial process, because the case or controversy remains undefined.  The Plaintiff was on notice that his claims could be dismissed for failure to file an amended complaint.  Nothing short of dismissal will be effective in light of the Plaintiff's refusal to read or comply with orders of this Court.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to prosecute.  The Clerk of Court is directed to close this case.

Dated this 28th day of July, 2008

                                        **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge